# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Center to Advance Security in America,**
1802 Vernon Street NW
Suite 2095
Washington, DC 20009

      Plaintiff,

v.

**U.S. Department of Defense**
1000 Defense Pentagon
Washington, DC 20301

      Defendant.

**Civil Action No.**

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief.  Plaintiff Center for Advancing Security in America ("CASA") challenges the failure of U.S. Department of Defense ("DOD") to disclose to CASA records, requested in multiple requests detailed herein, that generally pertain to DOD's COVID-19 ("COVID") vaccine requirements (referred to herein as the "Requirement(s)") and, more specifically, a letter dated August 24, 2021 signed by Secretary Lloyd Austin mandating all DOD employees be fully vaccinated against COVID (the "August 24, 2021 Letter").  The specific records sought include, *inter alia*, records and/or data relating to Requirement exemptions requested by DOD employees; Requirement exemptions granted; disciplinary actions taken against DOD employees related to DOD COVID policies; counseling sessions initiated in response to noncompliance of DOD's COVID policies; terminations of DOD employees due to non-compliance of DOD COVID policies; internal communications among certain DOD

officials regarding the August 24, 2021 Letter and in response to or related to Congressional correspondence received pertaining to the August 24, 2021 Letter; and supporting records regarding the August 24, 2021 Letter's reference to Food and Drug Administration ("FDA") licensure of COVID-19 vaccines that are the subject of the Requirements.

2.      This case seeks declaratory relief that DOD is in violation of FOIA, 5 U.S.C. § 552(a)(6)(E), DOD's regulations, and 28 C.F.R. § 16.5(e), and for injunctive relief ordering DOD to immediately process and release to CASA the requested records in their entirety.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(c)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.      Plaintiff CASA is an unincorporated association of individuals dedicated to preserving the safety and well-being of Americans through transparency and education of their government's most impactful policies and decisions.

5.      Defendant DOD is an executive branch department of the federal government charged with coordinating and supervising all agencies and functions of the government directly related to national security and the United States Armed Forces.  DOD has possession and control of the requested records and is responsible for fulfilling CASA's FOIA requests.

## Statutory and Regulatory Background

6.      FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.    An agency must notify a party making a FOIA request within 20 working days of, *inter alia*, the agency's determination and the reasons therefor and of the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

## Factual Background

8.    The COVID pandemic led to an extraordinary public health response that included many restrictions on, and requirements imposed upon, U.S. citizens.  Those requirements were often entirely unprecedented or, in other cases, never experienced in the lifetimes of citizens subjected thereto.

9.    One such requirement involved public and private mandates that people take the various COVID vaccines that were approved under an emergency use authorization by the FDA in order to travel, dine in restaurants, or maintain employment.

10.    Such mandates were the subject of controversy to those who believed that taking the vaccine was unnecessary or improvident due to, e.g., natural immunity from recovering from COVID, concern regarding side effects or adverse events associated with the vaccines, moral and/or religious concerns regarding the manner in which the vaccines were created, and/or concerns regarding the efficacy of the vaccines.

11.    The mandate that is the subject of this lawsuit involves the DOD's mandate that all service members be "fully vaccinated" against COVID.

12.    CASA issued separate FOIA requests related to that Requirement on March 28, 2022 and April 20, 2022. Details regarding each of these two requests, grouped by Case Number, are provided below.[1]

---

[1] The two requests are, as detailed below, included as Exhibits 1-2 hereto.

13.    As detailed below, CASA sought waivers of fees associated with processing its requests and explained in those requests that the requested records would be of primary benefit to the general public. *See* Ex. Nos. 1-2.  In particular, the public is entitled to fundamental information regarding imposition of the Requirements on the military, which affect military readiness, health of members of the military, and which inform the proper public policy moving forward.

## Case Number 22-F-0758

14.    On March 28, 2022, CASA sent a FOIA request to DOD's Defense Freedom of Information Division requesting aggregate data showing (a) Requirement exemptions requested by DOD employees broken down by type of exemption requested, if possible (medical or religious); (b) Requirement exemptions granted, broken down by type; (c) the total number of disciplinary actions taken against DOD employees related to DOD's COVID policies such as vaccination, mask usage, and the usage of teleworking; (d) the total number of counseling sessions initiated in response to noncompliance of DOD's COVID policies, and (e) the total number of terminations of DOD employees due to noncompliance of DOD's COVID policies. The subject FOIA request stated that it requested the information for either the calendar or fiscal years 2020, 2021, and 2022.  CASA also requested a fee waiver for this request.[2]

15.    On March 28, 2022, CASA received email acknowledgement[3] that its subject FOIA request had been received, which had been assigned Case Number 22-F-0758.

---

[2] Attached hereto as Exhibit 1.

[3] Attached hereto as Exhibit 3.

16.     On March 29, 2022, CASA received an interim response via email[4] from DOD's Freedom of Information Division indicating that while it had already begun processing the subject request, it would be unable to respond within the 20-day period provided by statute due to "unusual circumstances which impact our ability to quickly process your request." The response also stated that, "until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination." *See id.*

17.     DOD also stated that CASA's request had been placed in its complex processing queue and was "being worked [on] based on the order in which the request was received."

18.     This email also noted that if a fee waiver had been requested (as CASA had on the subject FOIA request), decisions regarding waived or reduced fees were made on a case-by-case basis, and they would make a determination concerning a fee waiver request at the conclusion of the search and assessment of responsive records. *See id.*

19.     On May 11, 2022, having received no documents, CASA asked DOD, by email[5] the status of Case Number 22-F-0758.

20.     On June 10, 2022, having still received no documents or response, CASA again asked DOD, by email[6] the status of Case Number 22-F-0758.

21.     After another two weeks had passed having received no documents or response, CASA asked DOD for a third time, by email[7], the status of Case Number 22-F-0758.

---

[4] Attached hereto as Exhibit 4.

[5] Attached hereto as Exhibit 5.

[6] Attached hereto as Exhibit 6.

[7] Attached hereto as Exhibit 7.

22.     As of the filing date of this Complaint, CASA has received no further response from DOD regarding Case Number 22-F-0758.

23.     It is apparent that, without litigation, DOD will not produce the requested documents in a timeframe that allows for timely public disclosure regarding DOD actions. Accordingly, CASA has now exhausted all applicable administrative remedies with respect to Case Number 22-F-0758.

## Case Number 22-F-0836

24.     On April 20, 2022, CASA sent a separate FOIA request to DOD's Defense Freedom of Information Divisions requesting records and communication related to internal communications among certain DOD officials, and any additional relevant officials, regarding the August 24, 2021 Letter and in response to or related to congressional correspondence received pertaining to the August 24, 2021 Letter by those officials; and supporting records regarding the August 24, 2021 Letter's reference to full FDA licensure with respect to the Requirements.[8]  The timeline requested for this search was from July 1, 2021 through the date the search commenced.  CASA also requested a fee waiver for this request.  *See id.*

25.     On April 20, 2022, CASA received email acknowledgement[9] that its subject FOIA request had been received, which had been assigned Case Number 22-F-0836.

26.     On April 22, 2022, CASA received an unsigned interim response via email[10] from DOD's Freedom of Information Division indicating that, as with the request referenced above, it would be unable to respond within the 20-day period provided by statute.  The response also

---

[8] Attached hereto as Exhibit 2.

[9] Attached hereto as Exhibit 8.

[10] Attached hereto as Exhibit 9.

indicated that, "until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination." *See id.*

27.    DOD also stated that it had placed CASA's request in its complex processing queue and it was "being worked [on] based on the order in which the request was received." *See id*.

28.    This email also noted that if a fee waiver had been requested (as CASA had on the subject FOIA request), decisions regarding waived or reduced fees were made on a case-by-case basis at the conclusion of the search and assessment of responsive records. *See id.*

29.    On April 25, 2022, CASA received via email[11] a signed copy of the interim response sent on April 22, 2022.

30.    On May 12, 2022, having received no documents from DOD, CASA asked, by email, the status of Case Number 22-F-0836.[12]

31.    Having received no documents or response, on June 17, 2022, CASA again emailed DOD asking the status of Case Number 22-F-0836.[13]

32.    On June 21, 2022, CASA received an email from the Office of the Secretary of Defense[14] indicating that, while the subject search had been tasked to their office, the search for the requested records had not yet been completed.  This email asked that CASA "understand our problem with the volume of requests."  This email also indicated that that an estimated completion date had been requested and would be provided to CASA once received.  *See id.*

---

[11] Attached hereto as Exhibit 10.

[12] Attached hereto as Exhibit 11.

[13] Attached hereto as Exhibit 12.

[14] Attached hereto as Exhibit 13.

33.     As of the filing date of this Complaint, CASA has received no further response from DOD regarding Case Number 22-F-0836.

34.     It is therefore apparent that, without litigation, DOD will not timely produce the requested documents.  Accordingly, CASA has now exhausted all applicable administrative remedies with respect to Case Number 22-F-0836.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records re
### Case Number 22-F-0758)

35.     CASA repeats and re-alleges paragraphs 1-34.

36.     CASA properly requested records within the custody and control of DOD and/or its subsidiary offices.

37.     DOD failed to comply with the statutory time limits for making a determination on these FOIA requests, and by withholding from disclosure records responsive to CASA's FOIA requests to DOD.

38.     CASA is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### CLAIM TWO
### (Wrongful Withholding of Non-Exempt Records re
### Case Number 22-F-0836)

39.     CASA repeats and re-alleges paragraphs 1-34.

40.     CASA properly requested records within the custody and control of DOD and/or its subsidiary offices.

41.     DOD failed to comply with the statutory time limits for making a determination on these FOIA requests, and by withholding from disclosure records responsive to CASA's FOIA requests to DOD.

42.     CASA is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### **Requested Relief**

WHEREFORE, CASA respectfully requests that this Court:

(1) Order defendant DOD to immediately and fully process Plaintiff CASA's March 28, 2022 and April 20, 2022 FOIA requests (Case Numbers 22-F-0758 and 22-F-0836) and disclose all non-exempt documents immediately to CASA;

(2) Issue a declaration that CASA is entitled to immediate processing and disclosure of the requested records;

(3) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld; and

(4) Grant such other relief as this Court may deem just and proper.

Counsel for CASA further requests that the Court award reasonable attorneys' fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

Dated: August 4, 2022                    Respectfully submitted,


                                         */s/ Paul M. Bartkowski*
                                         Paul M. Bartkowski
                                         (D.C. Bar No. 482432)
                                         BARTKOWSKI PLLC
                                         6803 Whittier Ave., Suite 200A
                                         McLean, VA 22101
                                         Telephone: (571) 533-3581
                                         E-Mail: pbartkowski@bartkowskipllc.com

                                         *Counsel for Center to Advance Security in America*